IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **CYNTHIA BROOKINS,** § | |
| *Plaintiff,* § | |
| § | |
| vs. § | CIVIL ACTION NO. 4:23-cv-744 |
| § | |
| **PETER P.M. BUTTIGIEG, SECRETARY** § | |
| **OF THE U.S. DEPARTMENT OF** § | |
| **TRANSPORTATION (FAA)** § | |
| *Defendant.* § | |

**PLAINTIFF'S FIRSTAMENDED COMPLAINT AND JURY DEMAND**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Cynthia Brookins, hereinafter called Plaintiff, complaining of and about Peter P.M. Buttigieg, Secretary of the U.S. Department of Transportation (FAA), hereinafter called Defendant or DOT, and for cause of action shows unto the Court the following:

**PARTIES AND SERVICE**

1. Plaintiff Cynthia Brookins is a citizen of the United States and the State of Texas and resides in Tarrant County, Texas.

2. Defendant Peter P.M. Buttigieg, Secretary of the U.S. Department of Transportation (FAA), and the agency head for all bureaus and entities within the Department of the Transportation. Service of process may be had at 1200 New Jersey Avenue, SE Washington, D.C. 20590. ***Issuance of a summons is hereby requested.***

**JURISDICTION**

3. The action arises under 42 U.S.C. Section 1983 et. seq. as hereinafter more fully appears.

4. This Court has supplemental jurisdiction over state law claims discussed below

under 28 U.S.C. Section 1367(a) because they arise out of the same case or controversy.

## NATURE OF ACTION

5. This is an action under the Age Discrimination in Employment Act of 1967, 29 U.S.C. Section 621 et. seq., as amended by the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of age.

## CONDITIONS PRECEDENT

6. All conditions precedent to jurisdiction have occurred or been complied with: a formal discrimination complaint was filed with the EEO within 15 days of receiving the Notice of Right to File issued on August 2, 2022, concerning the acts complained of herein and Plaintiff's Complaint is filed within ninety days of Plaintiff's receipt of the agency's Final Decision issued on April 19, 2023.

## FACTS

7. Plaintiff is a sixty-four (64) year old female. At all relevant times herein, Plaintiff was over the age of forty (40) and more specifically over the age of fifty-five (55) and employed by the FAA as a Management Program Assistant at the MIDO Section, AIR-882 in Fort Worth, Texas.

8. Plaintiff had been in the MIDO section since April 2015. Plaintiff has never received a poor performance appraisal. To the contrary, she has received several merit pay increases.

9. Carlton N. Cochran was Plaintiff's immediate supervisor and the Manager of the Fort Worth MIDO office.

10. Between April 2015 and June 2016, Plaintiff was being trained by Herbert Johnson. Johnson was frustrated at having to train Plaintiff given her age and proceeded to rush through the

training efforts. So much so that Johnson would not permit Plaintiff to take notes on procedures he was covering, even after Plaintiff requested he slow down so that she could take proper notes.

11. After the rushed training, Plaintiff was assigned a work area right next to Johnson. When Plaintiff would ask Johnson for help, Johnson would flat ignore her and pretend he didn't hear her or harshly point to a training manual and advise her to figure it out and to "learn [her] job". Johnson would also regularly make remarks to other co-workers about Plaintiff, roll his eyes when he saw her and speak to her in a condescending manner.

12. Plaintiff felt embarrassed, ridiculed and undue stress as a result of Johnson's continued behavior and mistreatment.

13. On July 31, 2018, Plaintiff was having a closed-door meeting regarding opportunities for advancement within the FAA and specifically a certain opportunity Plaintiff did not receive. When Plaintiff asked Cochran if she was doing something wrong, Cochran told Plaintiff: "The FAA doesn't like hiring old people because younger workers are more innovative, computer savvy and they learn quicker." Cochran then reminded Plaintiff that she was the oldest worker in the MIDO section. Plaintiff then asked if he believed she would ever be able to move up or be promoted with the FAA and Cochran told her no because of her age. When Plaintiff asked why he would say something like that, Cochran simply responded "that's just the way it is" regarding older workers at the FAA.

14. As the oldest employee in the MIDO section, Cochran would routinely treat Plaintiff differently than his other subordinates. Specifically, Cochran was frequently dismissive for Plaintiff and would respond to inquiries with "duh". Cochran was also demeaning and would often gossip with his subordinates about Plaintiff. Specifically, Cochran was displeased with Plaintiff and a colleague named Becky working through their initial unpleasantness and forming a

solid friendship and workplace bond. Cochran would frequently discourage their friendship and direct each to not speak to the other or associate. Plaintiff advised Cochran that she enjoyed Becky's company and would not discontinue their friendship.

15. On November 14, 2019, Cochran coerced Plaintiff into providing the written notes from a candidate's interview wherein Cochran was up for the same position and scheduled to interview next. Cochran notified Plaintiff that he had volunteer her to assist with the interview process in an effort to gain unfair advantage over the other candidates.

16. Cochran once again pulled Plaintiff into a closed-door meeting without any other employees in attendance. Cochran told Plaintiff that his interview would take place after Mr. Durant's interview and that Plaintiff was to provide Durant a notepad and pen or pencil for him to take notes. Once the interview was over, Plaintiff was to retrieve Durant's notes and deliver them to Cochran for him to review prior to his interview so he could be "a step ahead of the process". Plaintiff told Cochran she was not comfortable doing this and tried to assure him he was capable of interviewing well without a copy of another candidate's notes. Cochran repeated his instructions and further noted "white folks do this all the time."

17. Plaintiff knew if she did not cooperate, she would be forced to deal with Cochran's ire.

18. After Durant's interview, she delivered his notes to Cochran as directed. Cochran had his interview on November 15, 2019.

19. Plaintiff contacted her previous manager, Carroll Dobbs at Tinker Air Force Base and told him what had happened concerning the interview and the passing of the other candidate's notes to Cochran. Dobbs advised Plaintiff to immediately report the incident because it was improper for a manager to ask a subordinate to do such a thing and further it was actually illegal.

20. Plaintiff then went to Patrick Massie's office and made a confidential report about the situation and asked that it not be discussed with anyone for fear of continued retaliation from Cochran or others in the MIDO section or with the FAA. Plaintiff felt intimidated and forced into violating policy out of fear of retribution from Cochran.

21. After Cochran did not receive the position he interviewed for, and in retaliation for the complaints raised by Plaintiff, his disparate treatment of Plaintiff worsened. Specifically, Cochran provided inaccurate performance feedback to potential supervisors. Cochran also increased Plaintiff's work duties by requiring her to conduct inspector duties and utilize certain platforms she was unfamiliar with and without the necessary and proper training.

22. After reaching her wits end with Cochran and his behaviors, Plaintiff applied for a position at the FDIC. After receiving praise from one of the interviewers regarding the interview and information that suggested she was on the short list for candidates in the running for the position, Plaintiff was hopeful the position with the FDIC was her escape. Later through an automated message, Plaintiff learned she had not been selected for the position. After conferring with the interviewer again, she learned that the negative feedback from Cochran contributed to her losing out on the position.

23. Upon information and belief, Cochran was actively interfering with Plaintiff's ability to promote with the FAA or other federal agencies in retaliation.

24. On April 28, 2022, at approximately 4:30 in the morning, Plaintiff received a text message from Cochran that read: "I hear they shut down your facility because of COVID exposure. Is it true that you have been exposed?" Plaintiff then sent a message to Ms. McBurrows, her new supervisor. Ms. McBurrows explained to Plaintiff that she previously worked in Labor Relations and this text message appeared to another form of harassment/retaliation by Cochran. Plaintiff

knew from working with Cochran for seven years that the message sent as a way to make fun of Plaintiff with respect to the coronavirus pandemic.

25. Cochran would also frequently make it a point to mistreat Plaintiff in front of other colleagues during meetings, in person and on Microsoft Teams, again in retaliation due to her age and complaints about his malfeasance. Cochran would make comments about Plaintiff to others including but not limited to: "a grown a** woman with a roommate".

26. Cochran also asked Plaintiff when she planned on retiring since she "was so close to [his] mother's age" and she "is getting older, and so is [his] mother". Cochran made those comments to Plaintiff about her age no less than five different times.

## AGE DISCRIMINATION

27. Plaintiff incorporates all preceding paragraphs herein.

28. The Age Discrimination in Employment Act of 1967., 81 Stat. 602, states: "it shall be unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age; or to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of age." *See also* Tex. Lab. Code § 21.051.

29. The case law is clear. A plaintiff must establish a prima facie case of discrimination. If the plaintiff establishes a prima facie case, the burden then shifts to the defendant to articulate some legitimate nondiscriminatory reason for its employment decision. If the defendant articulates a legitimate nondiscriminatory reason, then, the plaintiff, in order to prevail, must demonstrate that the employer's alleged reason for the adverse employment decision is a pretext for another motive

which is discriminatory. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

30. Within this general framework, the specifics to establish a prima facie case are outlined in the four-point *McDonnell* test. In *McDonnell*, the Court established a four-point test by which a plaintiff can show a prima facie case of discrimination. The plaintiff must show that: (1) the plaintiff belongs to a class protected by Title VII; (2) the plaintiff was qualified for his position; (3) the plaintiff, despite being qualified, was rejected; plaintiff experienced an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination.

31. With respect to the first requirement, under ADEA, discrimination based on age is prohibited. During all relevant times of this discrimination, Plaintiff was over forty (40) years old which falls within a protected class.

32. As to the second requirement, throughout Plaintiff's tenure with Defendant, she was not written up, reprimanded, or admonished. In fact, Plaintiff received multiple pay increases based on merit and performance appraisal. Thus, it is clear that Plaintiff was qualified for her position.

33. Despite being qualified, Plaintiff received adverse employment action on the basis of her age. Despite her work performance history and never having received a reprimand or other disciplinary action during his tenure with Defendant, Plaintiff was told she would never be promoted within the FAA given her age. She was also frequently treated in a disparate manner as a result of her age in terms of training and opportunities for advancement.

34. It is clear given the history of the FAA, Defendant also orchestrated a campaign of increased scrutiny and harassment in an effort to push Plaintiff out of the company and replace her with younger, more "innovative" workers.

35. Defendant, by and through its agents, intentionally engaged in unlawful employment practices involving Plaintiff because of her age. At all material times Plaintiff was 40 years of age or older.

36. Defendant, by and through its agents, discriminated against Plaintiff in connection with the terms, conditions and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive her of any employment opportunity or adversely affect her status because of Plaintiff's age in violation of the Age Discrimination in Employment Act.

37. The unlawful employment practices of Defendant, resulted in mistreatment, lost opportunities for advancement, increased scrutiny, coercion, and harassment, and ultimately had a disparate and adverse impact on Plaintiff, as an older worker. Such employment practices were not based on any reasonable factor other than Plaintiff's age.

## RETALIATION

38. Plaintiff incorporates all preceding paragraphs herein.

39. The Age Discrimination in Employment Act of 1967 (the "ADEA") prohibits retaliation against an employee who reports discrimination based on age. It is unlawful to retaliate against employees for communicating with a supervisor or manager about age discrimination, including harassment. Retaliation can take the form of a reprimand; giving a performance evaluation that is lower than it should be; engaging in physical or verbal abuse; increased scrutiny; and making the employee's work more difficult.

40. A plaintiff establishes a claim for retaliation when after engaging in protected activity as it relates to the ADEA is then subjected to an adverse employment action and a causal link exists between the protected activity and the adverse employment action." *Adams v. Vaughn*,

No. 3:18-CV-1109-B-BT, 2019 WL 1003845, at *3 (N.D. Tex. Feb. 12, 2019)(quoting *Wright v. Chevron Philips Chem. Co.*, 734 F. App'x 931, 935 (5th Cir. 2018)(per curiam)). Protected activity includes complaining to supervisors about acts of unlawful discrimination. 42 U.S.C. §2000e-3(a); *Valdarez v. Lubbock Cty. Hosp. Dist.*, 611 Fed. Appx. 816, 820-21 (5th Cir. 2015)(finding that the plaintiff's report of sexual harassment to his supervisor was protected activity).

41. Plaintiff engaged in a Title VII protected activity when she complained about Cochran's orders to turn over another candidate's interview notes, the age discrimination she faced and the increased scrutiny creating a hostile work environment.

42. As stated previously, Plaintiff suffered adverse employment action when she was denied opportunities for advancement, discriminated against on the basis of her age and then subjected to recourse, harassment, increased scrutiny and a hostile work environment.

43. A causal link exists between Plaintiff's reports to Defendant's agents regarding the potentially illegal and improper activities taking place, the age discrimination, and the increased scrutiny creating a hostile work environment and the worsening of management's behavior toward Plaintiff.

44. Further, Plaintiff was qualified for her position and there had been zero disciplinary action taken by Defendant against Plaintiff concerning her work performance until Plaintiff expressed her concerns. Plaintiff alleges that Defendant then instituted a campaign of retaliation which included effectively blocking Plaintiff's ability to promote within the FAA or to another federal agency. This retaliation was and is due to Plaintiff exercising her rights by opposing a discriminatory practice, i.e., age discrimination and policy violations.

45. Defendants' actions enumerated herein clearly demonstrate retaliation against Plaintiff for filing complaints with Defendant's management.

46. Plaintiff suffered damages for which Plaintiff herein sues.

## RESPONDEAT SUPERIOR AND RATIFICATION

47. Whenever in this complaint it is alleged that the Defendant did any act or thing, it is meant that the Defendant's officers, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of the Defendant or was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees, or representatives.

## DAMAGES

48. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

   a. All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff;

   b. All reasonable and necessary costs incurred in pursuit of this suit;

   c. Front pay in an amount the Court deems equitable and just to make Plaintiff whole;

   d. Inconvenience;

   e. Interest;

   f. Mental anguish in the past; and

   g. Mental anguish in the future.

## SPECIFIC RELIEF

49. Plaintiff seeks the following specific relief which arises out of the actions and/or omissions of Defendant described hereinabove:

   a. Neutral job reference; and

   b. An injunction against Defendant prohibiting discriminatory employment practices on the basis of age and other protected categories.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Cynthia Brookins, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

Respectfully submitted,

/s/ Ali Crocker Russell
Ali Crocker Russell
State Bar No. 24098868
ali@cralawfirm.com

CROCKER RUSSELL & ASSOCIATES
2401 Callender Road, Suite 103
Mansfield, Texas 76063
Tel: (817) 482-6570
Fax: (682) 232-1850

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing instrument was filed electronically using the Court's ECF/CM system, which will simultaneously provide notice and service to all counsel of record on September 11, 2023.

/s/ Ali Crocker Russell
Ali Crocker Russell