IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

_____

| | |
|---|---|
| CYNTHIA BROOKINS, | |
| Plaintiff, | |
| v. | Civil Action No. 4:23-cv-00744-P |
| PETER P. BUTTIGIEG, U.S. SECRETARY OF TRANSPORTATION, | |
| Defendant. | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS**
**SUMMARY-JUDGMENT MOTION**

Respectfully submitted,

LEIGHA SIMONTON
UNITED STATES ATTORNEY

*/s/  Andrea Hyatt*
Andrea Hyatt
Assistant United States Attorney
Texas Bar No. 24007419
Burnett Plaza, Suite 1700
801 Cherry Street, Unit #4
Fort Worth, Texas 76102-6882
Phone: 817.252.5200
Fax: 817.252.5458
Andrea.Hyatt@usdoj.gov

**Table of Contents**

I.      Introduction ................................................................................................ 1

II.     Argument & Authorities ............................................................................ 2

        A.    Brookins no longer asserts a hostile-work-environment claim ............................. 2

        B.    Brookins' retaliation claim fails as a matter of law for three, independent
              reasons ............................................................................................................. 2

              1.    Brookins does not deny that she recanted her retaliation claim
                    during her deposition. ................................................................... 2

              2.    Alternatively, Brookins' retaliation claim is barred because she
                    failed to exhaust her administrative remedies on that claim ....................... 4

              3.    Finally, Brookins' retaliation claim fails on the merits. .......................... 10

        C.    Brookins' age-discrimination claim fails as a matter of law. ............................... 15

              1.    Brookins' claim that her former supervisor prevented her from
                    getting a job with a different employer fails because it's based on
                    nothing more than her mistaken assumption. ........................................... 16

              2.    Brookins' claim that her former supervisor prevented her from
                    obtaining promotions within the FAA fails because it
                    misrepresents the facts and conflicts with her deposition testimony ........ 20

        D.    Finally, Brookins cannot create a fact issue by questioning her former
              supervisor's credibility ..................................................................................... 22

        E.    Brookins does not dispute that summary judgment is proper on her claims
              for monetary damages. ...................................................................................... 24

III.    Conclusion ................................................................................................ 25

## Table of Authorities

### CASES

*Anarkali Enters., Inc. v. BP Chaney, LLC*,
    2019 WL 5537241 (N.D. Tex. Oct. 25, 2019) ........................................................... 23

*Armendariz v. Pinkerton Tobacco Co.*,
    58 F.3d 144 (5th Cir. 1995) ....................................................................................... 16

*Bender v. Shulkin*,
    2017 WL 1156327 (N.D. Tex. Mar. 23, 2017) ............................................................. 2

*Brown v. City of Houston*,
    337 F.3d 539 (5th Cir. 2003) ..................................................................................... 13

*Brown v. Gen. Servs. Admin.*,
    425 U.S. 820 (1976) ..................................................................................................... 4

*Dube v. Tex. Health & Human Serv's Comm'n*,
    2012 WL 2397566 (W.D. Tex. June 25, 2012) ............................................................ 2

*EEOC v. Tex. Instruments Inc.*,
    100 F.3d 1173 (5th Cir. 1996) ................................................................................... 22

*Ervin v. Sprint Commc'ns Co.*,
    364 F. App'x 114 (5th Cir. 2010) .............................................................................. 24

*Etienne v. Spanish Lake Truck & Casino Plaza, LLC*,
    778 F.3d 473 (5th Cir.), *as revised* (Feb. 3, 2015) ................................................... 21

*Fine v. GAF Chem. Corp.*,
    995 F.2d 576 (5th Cir. 1993) ....................................................................................... 8

*Gooden v. Wells Fargo Bank*,
    2019 WL 6829047 (N.D. Tex. Dec. 13, 2019) ........................................................... 17

*Griggs v. Univ. Health Sys.*,
    2008 WL 3981814 (W.D. Tex. Aug. 25, 2008) ............................................................ 3

*Harper v. Lockheed Martin Corp.*,
    2022 WL 816594 (N.D. Tex. Mar. 17, 2022) ........................................................... 3-4

*Johnson v. Bd. of Supervisors of La. State Univ. & Agric. & Mech. Coll.*,
    90 F.4th 449 (5th Cir. 2024) ............................................................................... 13, 14

*Jones v. U.S.*,
    936 F.3d 318 (5th Cir. 2019) ..................................................................................... 25

*Lehman v. Nakshian*,
    453 U.S. 156 (1981) ................................................................................................... 25

*McClain v. Lufkin Indus., Inc.*,
    519 F.3d 264 (5th Cir. 2008) ..................................................................................... 10

*McIntire v. BNSF Ry. Co.*,
    2021 WL 4295406 (N.D. Tex. Sept. 21, 2021) ....................................................... 24

*McMichael v. Transocean Deepwater Drilling, Inc.*,
    934 F.3d 447 (5th Cir. 2019) ............................................................................... 22

*Miller v. Sw. Bell Tel. Co.*,
    2002 WL 31415083 (5th Cir. Oct. 7, 2002) ........................................................... 6

*Pacheco v. Mineta*,
    448 F.3d 783 (5th Cir. 2006) ............................................................................ 4, 5

*Rodriguez v. Cooper Cameron Valves*,
    2014 WL 3044797 (S.D. Tex. July 3, 2014) ........................................................... 2

*Sambrano v. United Airlines, Inc.*,
    ____ F. Supp. 3d ____, 2023 WL 8721437 (N.D. Tex. Dec. 18, 2023) ................... 5, 6

*Scales v. Slater*,
    181 F.3d 703 (5th Cir. 1999) ............................................................................. 21

*Smith v. Miss. Emergency Mgmt. Agency*,
    2022 WL 704211 (S.D. Miss. Mar. 8, 2022) .......................................................... 3

*Teffera v. N. Tex. Tollway Auth.*,
    121 F. App'x 18 (5th Cir. 2004) ........................................................................... 6

*Vaughner v. Pulito*,
    804 F.2d 873, 877 (5th Cir. 1986) ...................................................................... 24

*Vincent v. Coll. of the Mainland*,
    703 F. App'x 233 (5th Cir. 2017) .................................................................. 12, 21

*Waters v. City of Dallas*,
    2012 WL 5363426 (N.D. Tex. Nov. 1, 2012) ......................................................... 8

### STATUTES

TEX. LAB. CODE §§ 21.001-21.556 ............................................................................. 2

### OTHER AUTHORITIES

BLACK'S LAW DICTIONARY (11th ed. 2018) ............................................................. 17

### RULES

FED. R. CIV. P. 56(c)(4) ....................................................................................... 17

# I.     Introduction

In this employment case filed under the Age Discrimination in Employment Act (ADEA), Plaintiff Cynthia Brookins' summary-judgment response narrows the issues before the Court and makes clear why the defendant, the Federal Aviation Administration (FAA), should be granted summary judgment. The two most significant concessions in Brookins' response are these:

1. *No hostile-work environment claim.* First, Brookins clarifies that she is only asserting two claims—not three. Specifically, she is not asserting a hostile-work-environment claim. She explains that she intentionally dropped her hostile-work-environment claim when she filed her amended complaint.

2. *No recoverable monetary damages.* Brookins does not dispute that she has no recoverable monetary damages.

Those two concessions simplify the summary-judgment analysis. Given that Brookins is not asserting a hostile-work-environment claim, the FAA's motion for summary judgment on that claim is moot. And, given that Brookins does not dispute that she has no recoverable monetary damages, summary judgment is proper on her claims for punitive damages; emotional-distress damages; damages for front pay and inconvenience; and attorney's fees.

On Brookins' two remaining ADEA claims—for age discrimination and retaliation—nothing in Brookins' response discharges her burden, as the nonmovant, to identify specific facts in the record that show the existence of a genuine, material issue of fact. Instead, Brookins resorts to a familiar approach of many plaintiffs facing summary judgment: throw out allegations—like spaghetti at the wall—and hope something sticks. That approach works no better for Brookins than it has for other plaintiffs who have tried it. This case is ripe for summary judgment.

## II.        Argument & Authorities

### A.        Brookins no longer asserts a hostile-work-environment claim.

In Brookins' response, she clarifies that she is no longer asserting a hostile-work-environment claim.[1] She explains that she intentionally dropped that claim when she amended her complaint: "Plaintiff filed her First Amended Complaint on September 11, 2023, removing her claims of hostile work environment . . ."[2] The parties therefore agree that plaintiff is not entitled to prevail based on any theory that she was subjected to a hostile work environment based on her age.[3]

### B.        Brookins' retaliation claim fails as a matter of law for three, independent reasons.

#### 1.        Brookins does not deny that she recanted her retaliation claim during her deposition.

Summary judgment is proper on claims that a plaintiff disavows during her deposition. *See, e.g., Rodriguez v. Cooper Cameron Valves*, No. H–12–0764, 2014 WL 3044797, at *1 n. 1 (S.D. Tex. July 3, 2014) (explaining how, during her deposition, the plaintiff "waived/abandoned" her claims for disparate-impact and intentional infliction of emotional distress); *Dube v. Tex. Health & Human Serv's Comm'n*, No. SA–11–CV–354–XR, 2012 WL 2397566, at *3 (W.D. Tex. June 25, 2012) (holding that the plaintiff "waived her claim of reinstatement during her deposition" by

---

[1] Pl.'s Br. in Resp. to Def.'s Mot. for Summ. J. 5, ECF No. 28 ("Pl.'s Resp.").

[2] Pl.'s Resp. 5.

[3] Brookins does not have a claim under Texas' anti-discrimination law, either. In her summary-judgment response, Brookins cites to Texas' state-law version of the ADEA—the Texas Commission on Human Right Act ("TCHRA"), TEX. LAB. CODE §§ 21.001-21.556. Brookins does not explicitly plead a claim under the TCHRA, and her citations should not be misconstrued as doing so. Because the federal government has not waived its sovereign immunity for claims brought under the TCHRA, federal government agencies like the FAA remain immune from suit under the TCHRA. *See, e.g., Bender v. Shulkin*, No. 3:14-CV-2595-L, 2017 WL 1156327, at *16 (N.D. Tex. Mar. 23, 2017) ("The court is not aware of any waiver of sovereign immunity by the United States with respect to lawsuits under the TCHRA.").

testifying that she had moved, secured a new job, and was not interested in coming back to work for the defendant); *Griggs v. Univ. Health Sys.*, No. SA-06-CV-384, 2008 WL 3981814, at *1 n.1 (W.D. Tex. Aug. 25, 2008) ("Plaintiff in numerous references in her deposition testimony and her responses to Defendant's motions has made it very clear that she did not intend to bring any age discrimination claim and that she waives any such claim. Accordingly, that claim is dismissed."). A defendant would be prejudiced if a plaintiff were allowed to swear in her deposition that she was not pursuing a certain claim and then later assert it during summary-judgment proceedings. *See Smith v. Miss. Emergency Mgmt. Agency*, No. 3:20-CV-244, 2022 WL 704211, at *3-4 (S.D. Miss. Mar. 8, 2022) (recognizing the prejudice an employer would suffer if the employee were allowed to assert claims that she disavowed in her sworn deposition testimony).

In a case virtually identical to this one, the district court granted summary judgment for the employer on claims that the plaintiff disavowed during her deposition. *Harper v. Lockheed Martin Corp.*, No. 4:21-cv-0571-O, 2022 WL 816594, at * 4 (N.D. Tex. Mar. 17, 2022). In *Harper,* the plaintiff testified during her deposition that her discrimination claims were limited to her theory that her employer, Lockheed Martin, failed to thoroughly investigate her internal complaints of discrimination. *Id*. Relying on her sworn testimony, Lockheed Martin moved for summary judgment. Then, in her summary-judgment response, the plaintiff attempted to raise new theories of liability and failed to respond to the employer's summary-judgment argument that she was bound by her deposition testimony. *Id.* The Court granted summary judgment for the employer. "By failing to respond to Lockheed's argument that she is bound by her deposition," the Court held, "Harper has failed to create a genuine dispute of material fact regarding the basis of her discrimination claims." *Id*.

*Harper* is indistinguishable from the case at bar. Just like the plaintiff in *Harper*, Brookins disavowed one of her claims during her deposition. Specifically, Brookins testified that she was not asserting a retaliation claim as part of the current lawsuit—she clarified that she was only asserting retaliation in a different proceeding (against her current supervisor):

> Q.    In this lawsuit are you alleging that you were retaliated against? Are you alleging reprisal in this lawsuit, or is that part of your other proceeding?
> A.    It's going to be a part of the other one.
> Q.    Is it a part of—
> A.    Not—not this one.[4]

Also like the plaintiff in *Harper*, in her response, Brookins does not deny that she recanted her retaliation claim. Therefore, the same outcome is appropriate here as in *Harper*: summary-judgment for the employer.

### 2.    Alternatively, Brookins' retaliation claim is barred because she failed to exhaust her administrative remedies on that claim.

As a preliminary matter, Brookins does not dispute that "claims of unlawful discrimination in federal employment cannot be entertained in court unless the plaintiff had first exhausted the administrative process provided for by the federal-sector statute." Def.'s Br. 15 (citing *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 832 (1976)). In fact, she acknowledges the valuable purpose the exhaustion requirement serves: "to trigger the investigatory and conciliatory procedures" that are part of the administrative process "in an attempt to achieve non-judicial resolution of employment discrimination claims." (Pl.'s Resp. 14-15 (quoting *Pacheco v. Mineta*, 448 F.3d 783, 788-89 (5th Cir. 2006) (cleaned up)). Indeed, the Supreme Court has recognized the "crucial administrative role that each agency . . . was given by Congress in the eradication of employment discrimination." *Brown*, 425 U.S. at 833. Allowing the plaintiff to circumvent the administrative-

---

[4] App'x to Supp. Def.'s Summ-J. 70:5-11, ECF No. 21 ("Def.'s App.").

exhaustion requirement would deprive the federal agency of notice of the employee's discrimination concern and the opportunity to investigate, remediate, and conciliate. *Pacheco*, 448 F.3d at 788-89 (describing the harms that would result from circumventing the exhaustion requirement). Bottom line: neither party questions either the applicability or the value of the requirement that a federal employee, before going to court, first present her claim to the federal agency for investigation, remediation, and conciliation.

Because the administrative-exhaustion requirement and its importance are undisputed, the question is this: did Brookins satisfy the administrative-exhaustion requirement with respect to her retaliation claim? This Court recently summarized the analysis used to answer such a question:

> [T]he claims an employee can bring in a lawsuit are limited to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Madaki v. Am. Airlines, Inc.*, No. 4:21-CV-0760-P, 2022 WL 227163, at *2 (N.D. Tex. Jan. 25, 2022) (Pittman, J.) (quoting *Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006)). But an employee is not required to check the box for retaliation on her EEOC charge to pursue a retaliation claim. *See Gregory v. Ga. Dep't of Hum. Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004). Provided that "[t]he facts alleged in her EEOC charge could have reasonably been extended to encompass a claim" for retaliation, an employee may pursue such a claim. *Id.* Thus, whether a claim is beyond the scope of an employee's EEOC charge depends on whether the claim arises from facts alleged in the charge.

*See Sambrano v. United Airlines, Inc.*, \_\_\_\_ F. Supp. 3d \_\_\_\_, No. 4:21-cv-1074-P, 2023 WL 8721437, at *15 (N.D. Tex. Dec. 18, 2023) (Pittman, J.). This Court further explained that, when conducting the necessary fact-intensive analysis, "the Court is not constrained to the four corners" of the employee's charge—for example, the Court it may look at the statement given by the plaintiff in the administrative charge. *Id.* Applying that analysis in *Sambrano*, this Court dismissed one plaintiff's religious-discrimination claim because that claim fell outside the scope of her charge, which made "only a passing reference" to such a claim. *Id.* at *16. Other courts, using the same analysis, have similarly dismissed claims that fell outside the scope of the plaintiff's charge.

*Teffera v. N. Tex. Tollway Auth.*, 121 F. App'x 18, 21 (5th Cir. 2004) (affirming dismissal of a retaliation claim because it fell outside the scope of the plaintiff's EEOC charge)*; Miller v. Sw. Bell Tel. Co.*, No. 01-21318, 2002 WL 31415083, at *8 (5th Cir. Oct. 7, 2002) ("[B]ecause Miller did not check the check the correct box on the EEOC complaint form or otherwise disclose his retaliation claim and thereby exhaust its administrative remedies, he is procedurally precluded from asserting a retaliation claim under the ADA.").

Under this Court's analysis in *Sambro*, Brookins' retaliation claim falls outside the scope of her charge because, even construing her charge liberally, it does not contain facts that could have reasonably been extended to encompass a retaliation claim and she did not check the box to indicate she was asserting a retaliation claim. For starters, Brookins does not deny that she made no factual allegations about retaliation during four different steps in the administrative process:

1. ***Intake interview.*** During her intake interview with the EEO counselor on May 11, 2022, Brookins did not allege discrimination.[5]

2. ***Initial counselling interview.*** During her initial counselling interview on May 17, 2022, the EEO counselor "reviewed and confirmed" Brookins' "claims and bases" with her. Brookins did not allege retaliation.[6]

3. ***Formal complaint.*** Brookins does not point to any allegations of discrimination in the formal complaint that she submitted on August 11, 2022. Moreover, she admits that, in

---

[5] Def.'s App. 125 (Counselor's Report—Part E. Claim(s)).

[6] Def.'s App. 127 (Counselor's Report—Part I) (describing the initial counselling interview).

the space provided to indicate the bases on which the employee believes she has been mistreated, she didn't check the box for "retaliation."[7]



4. ***Acceptance letter***. Finally, Brookins said nothing about retaliation when the EEO office provided her with written notice of the claims they understood her to be asserting and provided her an opportunity to object. Specifically, on September 23, 2022, in the final step before launching its investigation, the EEO office sent Brookins a written "acceptance letter."[8] The letter stated, "Based on a thorough review of your complaint, the EEO counselor's report and related documents, the following claims have been accepted for investigation:"[9] The letter then listed eight claims of "discrimination and/or hostile environment."[10] None of those eight claims contained any allegations of retaliation. The letter closed with an instruction to Brookins about what to do if she felt the list was incorrect: "If you object to the articulation of the claims, you may submit a written statement for inclusion in the administrative file to DOCR_CMB@dot.gov."[11]

---

[7] Pl.'s Resp. 15; Def.'s App. 115.

[8] This letter is contained in the FAA's proposed Supplemental Appendix to Support Defendant's Summary-Judgment Reply, at pages 195-197. The FAA has sought leave to file this proposed supplemental appendix in a separate motion, filed contemporaneously with this reply brief.

[9] Supplemental Appendix to Support Defendant's Summary-Judgment Reply 195.

[10] Supplemental Appendix to Support Defendant's Summary-Judgment Reply 196.

[11] Supplemental Appendix to Support Defendant's Summary-Judgment Reply 196.

> Thus, this "acceptance latter" provided Brookins the opportunity to review the claims the agency understood her to be asserting and to add a retaliation claim. Tellingly, she did not take advantage of this opportunity to add a retaliation claim.

In sum, during those four key steps in the administrative process, its undisputed Brookins did not allege any allegations about retaliation.

The only document Brookins points to, as evidence that she made allegations about retaliation, is an affidavit she submitted to the EEO Investigator during the investigation.[12] Where, as here, the employee points to the specific factual allegations (as opposed to legal labels), the employee is not entitled to a "broad interpretation" of her factual allegations, even if she was proceeding pro se:

> Typically, when considering the liberal construction of a charge of discrimination, courts have allowed plaintiff's [*sic*] to pursue a cause of action where the plaintiff did not affix the proper legal conclusion to his or her factual allegations. Courts have been more stringent where the cause of action stemmed not from an incorrectly labeled legal conclusion, but from factual allegations omitted from the charge of discrimination. Broad interpretation of EEOC charges is designed to protect unlettered lay persons making complaints without legal training or the assistance of counsel. This rationale does not apply as strongly when considering a complainant's ability to recall and state the facts of which they are complaining.

*Waters v. City of Dallas*, No. 3:11-CV-0540-K, 2012 WL 5363426, at *5 (N.D. Tex. Nov. 1, 2012) (internal citations omitted), *aff'd*, 540 F. App'x 257 (5th Cir. 2013). The Fifth Circuit explained the rationale: "the absence of counsel has no bearing on the complainant's ability to recall and state facts." *Fine v. GAF Chem. Corp.*, 995 F.2d 576, 578 (5th Cir. 1993). Under that caselaw, the allegations in Brookins' affidavit should not be read broadly or liberally.

---

[12] Pl.'s Resp. 15.

Brookins contends that seven paragraphs of her affidavit "specifically discuss Plaintiff's retaliation claims."[13] None of them actually do:

- **Paragraphs 30-31** could not possibly be construed to allege retaliation. That's because the events Brookins describes in those two paragraphs occurred "[o]n November 15, 2019"—which is nearly 2 ½ years before Brookins engaged in protected activity.[14] Retaliation is necessarily in response to protected activity, so, by definition, it cannot occur *before* the plaintiff engages in protected activity. *See, e.g.*, *Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 306 (5th Cir. 2020) (explaining that an employment action that occurred before the plaintiff engaged in protected activity "cannot serve as the basis for a retaliation claim").

- **Paragraph 35** could not be read to allege retaliation. In this paragraph, Brookins describes how she allegedly contacted a previous manager and her union representative to complain about her former manager, Carlton Cochran.[15] This paragraph does not allege any retaliatory actions by Cochran.[16]

- **Paragraphs 36-39** contain Brookins' allegations that that Cochran over-hyped her experience when he provided a reference for her as part of a promotion she sought (a promotion she later received).[17] There are two reasons why those paragraphs cannot be

---

[13] Pl.'s Resp. 15 (citing Ex. E, ¶¶ 30-31, 35-39.).

[14] Pl.'s App. 29-30. Brookins engaged in protected activity when, on May 12, 2022, she contacted an EEO counsellor to report her concerns that Cochran had mistreated her based on her age while working in the MIDO. Compl. ¶ 41; Def.'s App. 123.

[15] Pl.'s App. 31 ¶ 35.

[16] Pl.'s App. 31-32 ¶ 35.

[17] Pl.'s App. 32 ¶¶ 36-39.

read to allege retaliation. First, the affidavit itself makes clear that those allegations relate to Brookins allegation that the reference "was based on [her] age"— not retaliation.[18] Second, it is undisputed that Brookins received the promotion that Cochran provided the positive reference for,[19] so these paragraphs do not describe any *negative* employment action that could be construed as supporting a retaliation claim. In sum, none of the paragraphs Brookins relies on make factual allegations about retaliation.

The conclusion that Brookins' affidavit does not contain any factual allegations of retaliation is confirmed by the actual scope of the EEO office's investigation, which "is clearly pertinent to an exhaustion inquiry." *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 274 (5th Cir. 2008). Here, it's undisputed that the EEO counselor never investigated any allegation of retaliation.[20] Brookins' omission deprived the EEO office of the opportunity to investigate and conciliate the retaliation allegations she now attempts to assert.

Brookins' attempted end-run around the statutory prerequisites to filing suit is untimely and improper. Her retaliation claim should be dismissed for failure to exhaust administrative remedies.

### 3.    Finally, Brookins' retaliation claim fails on the merits.

Even if the Court were to overlook the two dispositive flaws in Brookins' retaliation claim listed above, Brookins' claim would fail on the merits. Her retaliation is so lacking in merit that it

---

[18] Pl.'s App. 31 ¶ 39.

[19] Def.'s App. 175; Def.'s App. 46:18-19.

[20] Def.'s App. 124-25 (EEO counsellor's report listing the bases and claims of discrimination, none of which include retaliation).

never even gets past the initial, prima facie stage because she has no evidence of the second or third element of a prima facie claim of retaliation: that

  (2) she suffered an adverse employment action, and

  (3) a causal link existed between her protected activity and the adverse employment.[21] Specifically, Brookins cannot point to any adverse employment action that Cochran took against her after she engaged in protected activity on May 12, 2022, when she contacted an EEO counsellor to report her concerns that Cochran had mistreated her while she'd worked for him.[22] By the time she contacted an EEO counselor to report her concerns about Cochran, Brookins had already been working for a new supervisor in a new building for a month.[23] By Brookins' own account, once she stopped working for Cochran, he was no longer in a position to take any adverse employment action against her, which is why she "felt comfortable" contacting an EEO counselor.[24] As the FAA explained in its summary-judgment brief, because Brookins has not, and cannot, point to any adverse action that Cochran took against her after she contacted an EEO counselor, her retaliation claim fails as a matter of law.[25]

---

[21] Def.'s Br. 17-18.

[22] Def.'s Br. 18.

[23] In her new role as Management & Program Assistant, Brookins no longer works at the MIDO in Fort Worth; rather, she works at the DFW Certificate Management Office in Irving Texas. Def.'s App. 175. The effective date for her promotion was March 13, 2022. App. 175. However, to arrange for a smooth transition, she kept working in the MIDO for approximately one month after the effective date of her promotion. Def.'s App. 46:18-19.

[24] Def.'s App. 99.

[25] Def.'s Br. 17-18.

Tellingly, in her response, Brookins does not point to any adverse employment action that Cochran took against her after she contacted an EEO counselor.[26] Instead, Brookins spends several pages complaining about her current supervisor, FAA Executive Operations Manager Jeviti McBurrows. Brookins describes her as "snappy," "rude" and "hostile" and alleges that McBurrows is making Brookins' "workdays a living nightmare."[27] But Brookins' complaints about her current supervisor are not relevant to the current suit, as Brookins admitted at her deposition:

> Q.  [T]hat's—that's really my question, Ms. Brookins, is, is the—it seemed like your EEO complaint was about Mr. Carlton [Cochran].
> A.  That's right.
> Q.  So are you complaining about Ms. McBurrows as well in this lawsuit—
> A.  No, no. That's—that's going to be something totally different. I have a reprisal. Is that what they call it when—
> Q.  Yes, ma'am.
> A.  Yes, for her. . . . .[28]

Consistent with her deposition testimony, Brookins confirms in her summary-judgment response that she "filed another EEO complaint" against McBurrows.[29] Brookins' complaints about her current supervisor may be relevant to that other EEO complaint, but, by Brookins' own deposition admission, they are not relevant to this case. A plaintiff cannot create a fact issue by contradicting her earlier testimony. *See Vincent v. Coll. of the Mainland*, 703 F. App'x 233, 238 (5th Cir. 2017) ("Conclusory, self-serving affidavits are insufficient to create a fact issue when they contradict prior testimony."). Brookins cannot create a fact issue by now contradicting her deposition testimony and complaining about McBurrows' actions as part of this current lawsuit.

---

[26] Pl.'s Resp. 17-18.

[27] Pl.'s Resp. 17-18.

[28] Supplemental Appendix to Support Defendant's Summary-Judgment Reply 193:21-194:6).

[29] Pl.'s Resp. 18.

Even putting aside the problem of her earlier deposition testimony, there's a second reason why Brookins' complaints about her current supervisor do not create a fact issue: they are based on nothing more than Brookins' speculation that Cochran is to blame for her current supervisor's actions. It is well-settled law that "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003); *accord Johnson v. Bd. of Supervisors of La. State Univ. & Agric. & Mech. Coll.,* 90 F.4th 449, 455 (5th Cir. 2024) ("In opposing summary judgment, a party 'may not rest on mere conclusory allegations or denials in its pleadings.'"). Brookins' theory that Cochran was acting as a puppet master—secretly persuading McBurrows to make Brookins' "workdays a living nightmare"—is based on three things:

(1) hearsay from an unidentified co-worker who allegedly told Brookins "that McBurrows and Cochran became [*sic*] in contact," after Brookins contacted an EEO counsellor;

(2) Cochran's acknowledgement that he once spoke to McBurrows, when Brookins was applying for a promotion to work for McBurrows, to provide McBurrows with a positive employment reference for Brookins; and

(3) Brookins' allegation that McBurrows once told her that she had "heard that [Plaintiff] was like this. Cochran was right."[30]

It takes an unhealthy dose of speculation to jump from those facts to the conclusion that Cochran secretly enlisted McBurrows in a conspiracy to make Brookins' "workdays a living nightmare."[31] Brookins' "improbable inferences" and "unsupported speculation" are not enough to save her

---

[30] Pl.'s Resp. 17-18.

[31] Pl.'s Resp. 17.

retaliation claim from summary judgment. *Brown*, 337 F.3d at 541; *accord Johnson,* 90 F.4th at 455 (5th Cir. 2024).

Moreover, even if Brookins had competent, summary-judgment evidence that Cochran did, in fact, secretly persuade McBurrows to make Brookins' workdays nightmarish, such evidence would not help Brookins survive summary judgment. That's because Brookins' factual allegation—that her current work environment is "a living nightmare" because of Cochran's puppeteering—does not support her theory of recovery. A factual allegation like Brookins'—that an employee is being subjected to a hostile work environment—supports a hostile-work-environment claim. *See Meritor Savings Bank v. Vinson*, 477 U.S. 57, 65 (1986) (explaining that a hostile-work environment claim is based on allegations that the employee was subjected to a work environment permeated with "discriminatory intimidation, ridicule, and insult"). But Brookins is not asserting a hostile-work-environment claim; she admittedly dropped that claim when she amended her complaint.[32] Therefore, even if Brookins had competent, summary-judgment evidence to prove her "puppet master" theory, it wouldn't forestall summary judgment.

In sum, Brookins' complaints about her current supervisor do not create a fact issue because (1) she admitted during her deposition that her current supervisor's actions weren't relevant to her current lawsuit; (2) she has no evidence that her current supervisor's actions are attributable to her former supervisor; and (3) even if she did have such evidence, it wouldn't support her retaliation claim.

Brookins' complaints about her current supervisor are a distraction. What she is required to do, as the nonmovant, is come forward with competent, summary-judgment evidence to support

---

[32] Pl.'s Resp. 5 ("Plaintiff filed her First Amended Complaint on September 11, 2023, removing her claims of hostile work environment and negligent hiring, supervising, training and retention.").

her claim that her former supervisor, Cochran, took an adverse employment action against her and that a causal link existed between her protected activity and his adverse employment action.[33] But Brookins has not, and cannot, do so. Thus, she cannot establish the essential elements of a prima facie case of retaliation. Her retaliation claim therefore fails on the merits.

* * *

Brookins retaliation claim does not "stick to the wall" for three, independent reasons: (1) she disavowed the claim during her deposition; (2) she failed to exhaust her administrative remedies on that claim; and (3) it fails on the merits.

### C.    Brookins' age-discrimination claim fails as a matter of law.

The FAA moved for summary judgment on Brookins' age-discrimination claim on the ground that she could not establish the third element of such a claim: that she suffered an adverse employment action.[34]

In her response, Brookins counters that Cochran subjected her to two adverse employment actions based on her age. First, she believes that Cochran prevented her from getting a job with a different employer—the U.S. Federal Deposit Insurance Corporation (FDIC)—by allegedly providing a negative employment reference to the FDIC hiring manager.[35] Second, she alleges that she "was not promoted" within the FAA "[d]uring her seven years under Cochran" and that he somehow interfered with "Plaintiff's promotional opportunities" within the FAA.[36] Both claims fail as a matter of law.

---

[33] Def.'s Br. 17-18.

[34] Def.'s Br. 19.

[35] Pl.'s Resp. 11.

[36] Pl.'s Resp. 11, 13.

1.   **Brookins' claim that her former supervisor prevented her from getting a job with a different employer fails because it's based on nothing more than her mistaken assumption.**

As the FAA pointed out in its summary-judgment brief, Brookins has no actual evidence to support her speculation that Cochran provided a negative employment reference to the FDIC.[37] Brookins has acknowledged as much. Namely, when she emailed the FDIC hiring manager to ask why she didn't get the job, she admitted that her suspicion that Cochran was to blame was based on "a feeling" she had: "I have *a feeling* that he [Cochran] didn't provide you with a fair/accurate opinion of me like others would have or that he would even answer your call."[38] "Feelings," however, are not competent summary judgment evidence. *Armendariz v. Pinkerton Tobacco Co.*, 58 F.3d 144, 153 (5th Cir. 1995) (explaining why a plaintiff's "subjective belief" is insufficient to create a jury issue).

Moreover, the only competent summary-judgment evidence in the record disproves Brookins' speculation. Both the FDIC hiring manager and Cochran aver that they never communicated with one another.[39]

Although Brookins criticizes the FDIC hiring manager's declaration on two grounds, neither of them is valid. First, Brookins criticizes the hiring manager's declaration as "self serving."[40] But, by definition, the FDIC hiring manager's declaration cannot possible be self-

---

[37] Def.'s Br. 19-20.

[38] Pl.'s App. 16 (emphasis added).

[39] Def.'s App. 12 ¶ 6; Def.'s App. 181 (Statement of Carlton N. Cochran to Accountability Board ¶¶ 56-58.)

[40] Pl.'s Resp. 12-13.

serving because neither she, nor the FDIC are parties to this suit or have an interest in it.[41] *See* BLACK'S LAW DICTIONARY (11th ed. 2018) (defining a "self-serving declaration" as one that is "made to benefit one's own interest"). Moreover, even if the FDIC hiring manager's declaration were self-serving, "merely claiming that evidence is self-serving does not mean [a court] cannot consider it or that it is insufficient" because "[m]uch evidence is self-serving." *Rushing v. Kan. City S. Ry. Co.*, 185 F.3d 496, 513 (5th Cir. 1999)*, superseded by statute on other grounds, as noted in Mathis v. Exxon Corp.*, 302 F.3d 448, 459 n.16 (5th Cir. 2002). For purposes of summary-judgment proof, what matters is whether the FDIC hiring manager's declaration satisfies the requirements in Federal Rule 56(c)(4): that it be "made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." *See Gooden v. Wells Fargo Bank*, No. 4:19-cv-00244-P, 2019 WL 6829047, at *2 (N.D. Tex. Dec. 13, 2019) (citing FED. R. CIV. P. 56(c)(4)) (Pittman, J.). Brookins has not, and cannot, deny that the FDIC hiring manager's declaration meets those evidentiary requirements.

Brookins' second criticism of the FDIC hiring manager's declaration is that it allegedly conflicts with what the FDIC hiring manager previously wrote in an email exchange with FAA investigators and a separate email with Brookins.[42] But each of the hiring manager's statements are entirely consistent:

- In the 2024 declaration she provided as part of this case, the FDIC hiring manager stated this:[43]

---

[41] Neither party listed the hiring manager or the FDIC in their certificate of interested persons disclosure statement. *See* Certificate of Interested Persons / Disclosure Statement 1, ECF No. 2; Certificate of Interested Persons 1, ECF No. 9.

[42] Pl.'s Resp. 13.

[43] Def.'s App. 12 (emphasis added).

> 6.   I never communicated with either of the two FAA managers that Ms. Brookins provided as references. No one at FAA provided any information to me on a reference check for Ms. Brookins. The reason Ms. Brookins was not selected for the position had nothing to do with any reference check from the FAA.

- In a 2022 email, FAA investigators wrote that they were "contacting [her] about an allegation of negative reference check given by a manager to you."[44] Here's her response:[45]

> Rhonda & Tonya,
>
> For the record, I **never** talked to anyone about a reference check about any FAA employee who applied for a position here at the FDIC.
>
> **Vickie L. Conrad**
> Regional Administrative Specialist, Risk Management Supervision
> **Federal Deposit Insurance Corporation**

- When they sent her a follow-up email later that day, she repeated her answer:[46]

> Regardless of what area you are working in, it appears you do not need to speak to me regarding any investigation, anyway. No one at FAA provided any information to me on a reference check for anyone.
>
> **Vickie L. Conrad**
> Regional Administrative Specialist, Risk Management Supervision
> **Federal Deposit Insurance Corporation**

Her statements are entirely consistent.

Brookins' argument to the contrary is unavailing. Brookins contends those statements conflict with the hiring manager's email to Brookins, in which she told Brookins that she would

---

[44] Def.'s App. 20.

[45] Def.'s App. 20.

[46] Def.'s App. 18 (emphasis added).

"probably be reaching out early next week" to talk to Cochran.[47] But *planning* to reach out to a person and *actually communicating* with that person are two separate events. The hiring manager has denied, repeatedly and consistently, that she and Cochran ever actually communicated.[48] There is no inconsistency in her testimony.

Tellingly, Brookins ties herself in knots trying to rebut the hiring manager's declaration so much so that she temporarily gets confused about who the defendant is. She mistakenly refers to the FDIC as the defendant and blames the FDIC for not defending its hiring decisions as part of this suit:

> Furthermore, after Plaintiff was notified that she did not receive the job *Defendant* informed Plaintiff that the position was filled by someone "younger." (*See Exhibit A ¶17*). *Defendant* failed to identify the person's qualifications and has failed to bring forth this information through this process. (*See Exhibit A ¶16*).[49]

By Brookins' own account, it was the FDIC hiring manager—not the FAA—who told her that the successful candidate had been younger.[50] The FDIC is not the defendant in this case. Rather, it is an entirely separate entity with no interest in this lawsuit.[51] Indeed, it would be bizarre for the FDIC "through this process" to "identify" the successful candidate's qualifications or otherwise defend its hiring decision. Brookins' misplaced attacks on an employer who is not even a party to this suit are emblematic of her overall "spaghetti against the wall" approach.

Bottom line: Brookins has no evidence to support her speculation that she did not get the job with the FDIC because Cochran allegedly provided a negative employment reference.

---

[47] Pl.'s Resp. 13; Def.'s App. 16.

[48] Def.'s App. 14, 18, 20.

[49] Pl.'s Resp. 13 (emphasis added).

[50] Pl.'s App. 6 ¶ 17.

[51] *See* supra note 41.

Brookins admits her speculation is based on "a feeling." By contrast, the competent summary-judgment evidence proves that the reason she did not get the job with the FDIC had nothing to do with Cochran. Summary-judgment is therefore proper on Brookins claim that her former supervisor discriminated against her, based on her age, by providing a negative employment reference to the FDIC.

> **2.** **Brookins' claim that her former supervisor prevented her from obtaining promotions within the FAA fails because it misrepresents the facts and conflicts with her deposition testimony.**

In her response, Brookins alleges that, during the seven years she worked for Cochran, she was never promoted:

> During her seven years under Cochran, Plaintiff received a performance evaluation that commended her for her achievements and awarded her multiple pay increases based on her continued excellent work performance and output. However, Plaintiff was not promoted.[52]

Not so. The summary-judgment record contains official, government personnel records proving that, while working for Cochran, Brookins was promoted twice—once in May 2020 and a second time in March 2022 (when she was promoted to a new position with a new supervisor and work location).[53] Moreover, Brookins has corroborated those records by admitting that, while she worked for Cochran, she was promoted twice.[54] Facts are stubborn things, and this spaghetti just won't stick.

---

[52] Pl.'s Resp. 11.

[53] Def.'s App. 86 (2020 promotion); Def.'s App. 175 (2022 promotion).

[54] Def.'s App. 59:8-11, 86 (2020 promotion); Def.'s App. 121 (in a written statement to the EEO investigator, describing a meeting on April 6, 2022, in which a coworker "congratulated me on my promotion").

Similarly, Brookins alleges that Cochran somehow "affected her promotional opportunities" within the FAA[55]—another allegation that contradicts her earlier testimony. During her deposition, she testified that Cochran did *not* prevent her from getting any promotions within the FAA—that the only job she believed Cochran prevented her from getting was at the FDIC:

> Q.   Ms. Brookins, are there other jobs besides the FDIC job that Mr. Carlton [Cochran] prevented you from getting?
> A.   No, thank God. . . .[56]

Brookins further admitted Cochran never sat on an interview panel for any job that she applied to.[57] As noted above, Brookins cannot create a fact issue by contradicting her earlier deposition testimony. *See Vincent*, 703 F. App'x at 238.

Because Brookins has not, and cannot, point to any internal promotion that Cochran prevented her from getting, his alleged ageist comments cannot create a fact issue. "Stray remarks with no connection to an employment decision cannot create a fact issue regarding discriminatory intent and are insufficient to defeat summary judgment." *Scales v. Slater*, 181 F.3d 703, 712 (5th Cir. 1999); *accord Etienne v. Spanish Lake Truck & Casino Plaza, LLC*, 778 F.3d 473, 476 (5th Cir.), *as revised* (Feb. 3, 2015) (explaining that comments are mere "stray remarks" if they are not "related to the challenged employment decision"). Under that caselaw, it does not matter whether Cochran did, in fact, "quiz[] her about her retirement plans," observe that neither one of them were "getting any younger," or once tell her that, in his opinion, he felt the FAA preferred younger employees.[58] None of those alleged remarks, even under Brookins' version of events, related to

---

[55] Pl.'s Resp. 13.

[56] Def.'s App. 53:9-12.

[57] Def.'s App. 51:12-25.

[58] Pl.'s Resp. 12.

any promotion Brookins was denied.[59] Without that connection, Cochran's alleged ageist comments are no more than stray remarks, which cannot create a fact issue.

Moreover, merely asking a question about an employee's retirement plans is not, by itself, evidence of age discrimination because it "does not reference age in a derogatory or stereotypical way." *McMichael v. Transocean Deepwater Drilling, Inc.*, 934 F.3d 447, 458 (5th Cir. 2019) ("Commenting on [plaintiff's] eligibility for retirement does not reference age in a derogatory or stereotypical way."); *accord EEOC v. Tex. Instruments Inc.*, 100 F.3d 1173, 1181 (5th Cir. 1996) (comment about an employee's retirement eligibility was a stray remark that "simply recognized a fact concerning [the employee's] seniority"). Therefore, Cochran's alleged questions to Brookins' about her retirement plans do not create a fact issue.

In short, summary judgment is proper on Brookins' claim that she "was not promoted" within the FAA during the seven years she worked for Cochran and that he somehow "affected Plaintiff's promotional opportunities."[60] Her claim misrepresents the facts. Plus, it conflicts with her earlier deposition testimony that Cochran never prevented her from obtaining a promotion within the FAA.

### D.    Finally, Brookins cannot create a fact issue by questioning her former supervisor's credibility.

Brookins' final argument is that that Cochran's "credibility is a question of fact."[61] In support of that theory, she relies on a surreptitious recording she made of a conversation with

---

[59] Def.'s App. 54:13-55:22; 56:5-10 (testifying that alleged questions about retirement and comment that "we're not getting any younger" were made in Cochran's office during casual conversations); Def.'s App. 47:6-48:10) (testifying that alleged comment about FAA not liking older employees was made about another manager's decision not to have Brookins job-shadow his team).

[60] Pl.'s Resp. 13.

[61] Pl.'s Resp. 18.

Cochran—a recording that she alleges proves he was dishonest during an internal investigation concerning whether, when competing for a promotion, he obtained an unfair advantage by obtaining a copy of another candidate's interview notes.[62]

Brookins' argument fails on the law and the facts. It fails on the law because, when evaluating a summary-judgment motion, "the court may make no credibility determinations." *Anarkali Enters., Inc. v. BP Chaney, LLC*, No. 4:18-CV-00796-P, 2019 WL 5537241, at *9 (N.D. Tex. Oct. 25, 2019) (Pittman, J.). It fails on the facts because the FAA's summary-judgment motion does not depend on Cochran's credibility. Now that Brookins has clarified that she is not pursuing a hostile-work-environment claim, the only testimony from Cochran that is relevant is his testimony supporting this one sentence in the FAA's brief: "Both the hiring manager [Vickie Conrad] and Cochran aver that they never communicated with one another."[63] In other words, the only instance in which the FAA cites Cochran's testimony is to corroborate the account provided by an independent, third-party witness—the FDIC hiring manager, Vickie Conrad.[64] Even if the Court were to strike Cochran's testimony, the Court would still be left with the FDIC hiring manager's unrebutted testimony that she never spoke with Cochran or received an employment reference from him. For those two reasons, contrary to Brookins' contention, Cochran's credibility does not create a question of fact.

---

[62] Pl.'s Resp. 18.

[63] Def.'s Br. 20 (citing Def.'s App. 181).

[64] Def.'s Br. 20 (citing Def.'s App. 181).

**E.      Brookins does not dispute that summary judgment is proper on her claims for monetary damages.**

Brookins acknowledges that, as the nonmovant, she has the burden "to set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of [her] case." (Pl.'s Resp. 7) (citing *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)). A district court has no obligation to discharge the nonmovant's burden for them. *Doddy v. Oxy U.S.A., Inc.*, 101 F.3d 448, 463 (5th Cir. 1996) ("Rule 56 does not impose a duty on the district court to sift through the record in search of evidence to support a party's opposition to summary judgment."). Instead, as this Court has held, when a party fails to brief a claim in response to a motion for summary judgment, "the claim is abandoned." *See McIntire v. BNSF Ry. Co.*, No. 4:19-cv-00174-P, 2021 WL 4295406, at *4 & n.5 (N.D. Tex. Sept. 21, 2021) (Pittman, J.); *accord Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (determining that the plaintiff abandoned his claim by failing to respond to the defendant's motions to dismiss it). "[I]f a party fails to assert a legal reason why summary judgment should not be granted, that ground is waived and cannot be considered or raised on appeal." *Ervin v. Sprint Commc'ns Co.*, 364 F. App'x 114, 117 (5th Cir. 2010) (quoting *Vaughner v. Pulito*, 804 F.2d 873, 877 n. 2 (5th Cir. 1986)).

Here, Brookins failed to respond to the FAA's argument that summary judgment is warranted on her claims for monetary damages. Specifically, in its brief, the FAA explained that, even if Brookins' ADEA claims were viable (which they are not), she has no recoverable monetary damages.[65] In her response, Brookins' does not contend otherwise. By her silence, Brookins has "effectively waive[d]" her opportunity to argue otherwise. *See Ervin*, 364 F. App'x at 116. The

---

[65] Def.'s Br. 34-36.

FAA should therefore be granted summary judgment in its favor on Brookins' claims for front pay, punitive damages, emotional-distress damages, damages for inconvenience, and attorney's fees.

### III.        Conclusion

The federal government retains sovereign immunity from jury trials on ADEA claims, so ADEA cases such as this one are tried before the court. *Lehman v. Nakshian*, 453 U.S. 156, 168-69 (1981). "And in bench-trial cases the district court has greater discretion to grant summary judgment." *Jones*, 936 F.3d at 323. The Fifth Circuit has explained that, in such cases, "[t]he judge may 'decide that the same evidence, presented to him or her as a trier of fact in a plenary trial, could not possibly lead to a different result.'" *Id.* Here, the same evidence that is in the summary-judgment record, if it were presented to this Court during a bench trial, could not possibly support judgment for Brookins. Neither of her two remaining claims are viable, and even if they were, the damages she seeks are unavailable. Summary judgment should be granted to the FAA and Brookins' case dismissed.

Respectfully submitted,

LEIGHA SIMONTON
UNITED STATES ATTORNEY

*/s/  Andrea Hyatt*
Andrea Hyatt
Assistant United States Attorney
Texas Bar No. 24007419
Burnett Plaza, Suite 1700
801 Cherry Street, Unit #4
Fort Worth, Texas 76102-6882
Phone: 817.252.5200
Fax: 817.252.5458
Andrea.Hyatt@usdoj.gov

*Attorneys for Defendant*

### Certificate of Service

On July 2, 2024, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Andrea Hyatt*
Andrea Hyatt

26